IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KENNETH WAYNE CLAY, | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:23-CV-00038-TES-MSH |
| | : | |
| Nurse ADAM MARTIN, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Kenneth Wayne Clay, an inmate presently confined in the Riverbend Correctional Facility in Milledgeville, Georgia (ECF No. 1). Plaintiff has also filed a motion for leave to proceed *in forma pauperis* (ECF No. 2), a motion to produce medical records (ECF No. 4) and a motion for appointed counsel (ECF No. 5). For the reasons discussed below, Plaintiff's motion for appointed counsel is **DENIED.** In addition, the undersigned **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* be **DENIED,** that his Complaint be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g), and that his motion to produce medical records be **DENIED as moot.**

## MOTION FOR APPOINTED COUNSEL

Plaintiff has filed a motion seeking appointed counsel (ECF No. 5). As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional

circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1] But "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam)

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's motion for appointed counsel is **DENIED**.

## MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff also seeks leave to proceed *in forma pauperis* in this action (ECF No. 2). Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

grounds that it is frivolous or malicious or fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Id.*

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that at the time he filed his Recast Complaint, Plaintiff had filed multiple federal lawsuits and that at least three of his complaints or appeals had been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g.,* Order Dismissing Compl., ECF No. 9 in *Clay v. Wadkins*, Case No. 4:09-cv-00002-CDL (M.D. Ga. Feb. 5, 2009) (adopting recommendation to dismiss as frivolous and for failing to state a claim); Order Dismissing Compl., ECF No. 8 in *Clay v. Water*, Case No. 4:07-cv-00063-CDL (M.D. Ga. Sept. 26, 2007) (adopting recommendation to dismiss as frivolous and for failing to state a claim); Order Dismissing Compl., ECF No. 10 in *Clay v. Pullen*, Case No. 4:07-cv-00038-CDL (M.D. Ga. May 29, 2007) (adopting recommendation to dismiss as frivolous and malicious, among other things); *see also* Order Dismissing Compl., ECF No. 12 in *Clay v. Montgomery Cnty. Ga. Sheriff Dep't*, Case No. 4:18-cv-00137 (dismissing pursuant to 28 U.S.C. § 1915(g)). Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood

3

of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Plaintiff's claims in this case arise from his medical care at the Riverbend Correctional Facility ("RCF"). Compl. 5, ECF No. 1. According to the Complaint, Plaintiff was given another inmate's medication on November 1, 2021 and November 2, 2021. *Id.* Plaintiff became dizzy and dehydrated, and he also suffered from "problems with [his] bowels" that were "very painful." *Id.* He also alleges that he now suffers from "'pill call window phobia' from this incident." *Id.* In addition, Plaintiff contends that Defendants refused to provide him with copies of his medical records related to this incident. *Id.* Plaintiff thus contends Defendants violated his constitutional rights, and as a result he seeks injunctive relief and monetary damages. *Id.* at 6.

As noted above, Plaintiff has more than three "strikes" pursuant to § 1915(g), and therefore he may only proceed *in forma pauperis* in this action if he is under imminent danger of serious physical injury. Plaintiff's claims are based on his allegations that Defendants failed to provide him with adequate medical care when they gave him the wrong medication. It is true that the failure to treat an inmate's ongoing serious medical

4

needs can place that inmate in imminent danger of serious physical injury for purposes of § 1915(g). *Cf., e.g., Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) (holding that prisoner's allegations of "a total withdrawal of treatment for serious diseases" which caused "severe ongoing complications" could constitute imminent danger). In this case, however, Plaintiff alleges that he received the wrong medication for just two days almost a year and a half ago. Compl. 5, ECF No. 1. Although documents attached to the Complaint indicate that Plaintiff suffered from stomach problems for more than a month after receiving the wrong medication, Attach. 1 to Compl. 13-14, ECF No. 1-1, he does not allege that the incident caused him any ongoing serious physical injury that currently requires treatment. He also has not alleged any facts indicating that he is in imminent danger of another medication error. To the contrary, the facts alleged show that prison officials took Plaintiff's complaint about the error seriously. *See, e.g.,* Attach. 1 to Compl. 5-6, ECF No. 1-1 (response to grievance stating that prison officials discussed this incident "with the MD who stated that no intervention would be required" and that Defendant Coleman, the health services administrator, "followed up the incident with the pharmacy nurses").[2] Plaintiff's allegations that he suffered a past injury are therefore insufficient to entitle him to the § 1915(g) exception. *Medberry*, 185 F.3d at 1193.

The only apparent present consequence of Plaintiff's past injury is his "pill call window phobia." Compl. 5, ECF No. 1. But Plaintiff has not described this phobia or its

---

[2] The fact that the prison doctor concluded that "no intervention would be required" indicates that any injury Plaintiff suffered due to the medication error was not "serious." Attach. 1 to Compl. 5, ECF No. 1-1.

5

symptoms with sufficient detail to permit the Court to conclude that it is "serious." Further, emotional or psychological injuries are not physical injuries and therefore cannot satisfy the requirements of § 1915(g). *Sanders v. Melvin*, 873 F.3d 957, 960 (7th Cir. 2017) (prisoner's allegations of "deteriorating mental state" insufficient to satisfy the § 1915(g) exception because "[m]ental deterioration . . . is a psychological rather than a physical problem"). Nor has Plaintiff alleged that his mental health has deteriorated, or will deteriorate, to the point where he may be in imminent danger of suffering a serious physical injury. *Cf. Sanders*, 873 F.3d at 960 (holding that prisoner sufficiently alleged he was in imminent danger of serious physical injury where he had been classified as "seriously mental ill," he had been ignored in solitary confinement, and he had attempted suicide twice and engaged in self-mutilation at least once). Plaintiff has therefore failed to show that he can invoke the § 1915(g) exception.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for appointed counsel (ECF No. 5) is **DENIED**, and it is **RECOMMENDED** that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) be **DENIED** and that Plaintiff's Complaint be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915(g). It is also **RECOMMENDED** that Plaintiff's pending motion to produce medical records (ECF No. 4) be **DENIED as moot.**

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this

Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED AND RECOMMENDED**, this 31st day of March, 2023.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE